UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

------------------------------------------------------------------------×

JASON CLOUD, JEFF COLLINS, LINDA GORSKI,
DAVID HARVEY, ROBERT MATHERS, and
MARYROSE ZEILAN-HAMILTON,

                                                            *Plaintiffs*,

      *v.*

CUMULUS MEDIA NEW HOLDINGS, INC,

                                                                *Defendant.*

------------------------------------------------------------------------×

**COMPLAINT**

**Jury Trial Requested**

       Plaintiffs Jason Cloud, Jeff Collins, Linda Gorski, David Harvey, Robert Mathers, and Maryrose Zeilan-Hamilton, by their counsel, The Harman Firm, LLP, allege for their Complaint against Defendant Cumulus Media New Holdings, Inc. ("Cumulus Media") as follows:

**PRELIMINARY STATEMENT**

       1.       In violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*, ("ADA") and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), Defendant Cumulus Media wrongfully terminated Plaintiffs based on disabilities and/or sincerely held religious beliefs. Cumulus Media set a policy under which all employees were required to be vaccinated against COVID-19, without exception, or be terminated. Such a blanket policy that negatively impacts people with disabilities and sincerely held religious beliefs violates both the ADA and Title VII, which require an interactive process to identify a reasonable accommodation to a work policy. Each Plaintiff sought individual exemption from the policy, which Cumulus Media denied without any interactive process, and which resulted in Plaintiffs' terminations, in violation of the ADA and/or Title VII.

## JURISDICTION AND VENUE

2. Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over Plaintiffs' claims, as they all arise under a federal statutes, specifically, the ADA and/or Title VII.

3. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the United States District Court for the Northern District of Texas, as a substantial part of the events giving rise to these claims occurred within this District.

## ADMINISTRATIVE PREREQUISITE

4. All conditions precedent to maintaining this action have been fulfilled. Plaintiffs each filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued a Right-to-Sue letters, relating to the discriminatory acts described in this Complaint. This action was properly initiated within 90 days of the issuance of the Notices of Right to Sue.

## PARTIES

5. Plaintiff Cloud was and is a resident of Abilene, Texas. Cloud work at the KBCY-Abilene as an on-air personality. Cloud was an employee of Cumulus for nearly twenty-four (24) years as an on-air personality.

6. Plaintiff Collins was and is a resident of Carrolton, Texas. Collins worked at the Westwood One station as an on-air personality.

7. Plaintiff Gorski was and is a resident of Van Alstyne, Texas. Gorski has worked at the Westwood One Cumulus station since 2011 as an on-air personality.

8. Plaintiff Harvey was and is a resident of Fresno, California. Harvey worked at the Fresno KMJ-AM station as an on-air personality.

9. Plaintiff Mathers was and is a resident of Hanover, Pennsylvania. Mathers

worked for Cumulus Media as a sale representative since 2014 in the York-Lancaster area.

10. Plaintiff Zeilan-Hamilton was and is a resident of Denton County, Texas. Zeilan-Hamilton worked in the Westwood One station as an on-air personality. Zeilan-Hamilton had been an employee of Cumulus media since 2001 when the company was originally a part of ABC News Network.

11. Non-parties KBCY-Abilene, Westwood One, and KMJ-AM station are commercial radio stations owned by Defendant Cumulus Media.

12. At all relevant times, Defendant Cumulus Media was and is a business incorporated under the laws of the State of Delaware with a headquarters at 3280 Peachtree Road, Atlanta, Georgia 30305. Defendant Cumulus owns hundreds of satellite stations, including one at Westwood One, located at 2002 Academy Ln., Suite 110, Dallas, TX 75234.

## JURY DEMAND

13. Plaintiffs respectfully request a trial by jury.

## STATEMENT OF FACTS

**Allegations Common to Each Plaintiff**

14. In March 2020, as the Covid-19 Pandemic came into full swing, Cumulus shut down its studios and required its employees, including Plaintiffs, to work from home.

15. On August 11, 2021, Cumulus Media announced that its employees must be vaccinated against COVID-19 by September 27, 2021, and that unvaccinated employees would be terminated on October 11, 2021 (the "Covid Policy").

16. October 11, 2021, Texas Governor Greg Abbott issued an executive order prohibiting companies from requiring "vaccine mandates," like Cumulus Media's Covid Policy.

17. Each of the three Covid-19 vaccines approved by the FDA and available at the relevant time, between August 11, 2021 and October 11, 2021 – Comirnaty (Pfizer-BioNTech), Spikevax (Moderna), and Jcovden (Johnson & Johnson) – all were developed using fetal cells.

18. Cumulus Media terminated each Plaintiff on or about October 11, 2021, for not having been vaccinated.

19. Each Plaintiff was working from home at the time of their terminations, had been working from home for several weeks or months before their terminations, and Cumulus Media continued to have its employees work from home well after their terminations.

20. After Cumulus Media sent notices to its affiliates about the Covid Policy, it notified all Westwood One employees that they would continue to work from home beyond the October 11, 2021 vaccination date.

**Jason Cloud**

21. Cloud is a disabled person under the ADA.

22. Over the course of 2020, Cloud's adrenal glands began to fail as he developed Stage Four (4) Adrenal Failure.

23. In 2021, Cloud spent eight (8) days in the hospital after contracting Covid-19 and several more days in the hospital in August when his adrenal glands fully stopped working.

24. Cloud contacted Todd McCarty, a Cumulus Human Resources representative, to receive a medical accommodation while he underwent treatment for Stage Four (4) Adrenal Failure.

25. Cloud requested that he be given a medical exemption in the form of frequent testing before he is cleared to be vaccinated.

26. On September 27, 2021, Cloud's doctor, Robert Totoe, M.D., prescribed against

Cloud receiving any Covid-19 vaccine – whether Comirnaty, Spikevax, or Jcovden – due to his current medical treatment and the uncertainty of how his body would react to any of the available vaccines..

27. Dr. Totoe recommended that Cloud not receive any Covid-19 vaccine until he was healthier.

28. On September 27, 2021, with the support of documentation from Dr. Totoe, Cloud requested an exemption from the Covid Policy from Cumulus Media.

29. On September 30, 2021, Cumulus Media denied his medical exemption.

30. Cloud did not receive a Covid-19 vaccination.

31. On October 11, 2021, Cumulus Cloud terminated Cloud for violating the Covid Policy.

**Jeff Collins**

32. Collins has been a devout Christian for decades.

33. Collins' faith demands that he abstain from *any* form of vaccination. It is because Collin's has a sincerely held religious belief that he not put in his body any substance that relied upon stem cells for any stage of research or development.

34. Indeed, Collins has not received any vaccination since he turned 18 years of age and out of the supervision of his parents.

35. Following the announcement of the Covid Policy, on September 1, 2021, Cumulus Media sent Collins a religious exemption form.

36. Collins filled out the religious exemption form, detailing his faith and requesting that Cumulus grant him an excemption from the Covid Policy.

37. Collins submitted the form on September 10, 2021.

38. Collins inquired about his exemption request and McCarty requested he fill out another form.

39. On September 23, 2021, Collins was given another exemption request form.

40. Collins submitted the exemption request on September 28, 2021.

41. The next day, Cumulus Media denied that request.

42. Collins did not receive a Covid-19 vaccination.

43. On October 8, 2021, Cumulus Media sent Collins a separation agreement.

44. On October 11, 2021, Cumulus Media terminated Collins for violating the Covid Policy.

**Linda Gorski**

45. Linda Gorski has been a devout Christian since June 14, 1984, and, since then and long before working at Cumulus, has spent countless hours working with families and women groups to support women who had unplanned pregnancies.

46. Specifically, Gorski is a devout Christian and pro-life, her objection to the vaccines is on the grounds that their benefits from fetal cell research is a breach of her faith and her beliefs.

47. That is, Gorski's has a sincerely held religious belief that she not put in her body any substance that relied upon stem cells for any stage of research or development.

48. Gorski immediately followed up with her supervisors, George King and Nicolas Fox, about whether she would receive an exemption.

49. One week later, King and Fox provided her with an accommodation request form.

50. Gorski filled out the form, detailing her religious beliefs and why receiving the Covid-19 vaccines violated her faith.

51. On August 31, 2021, Cumulus Human Resources representative, Todd McCarty, emailed Linda Gorski asking her various questions about her beliefs.

52. Linda Gorski explained to him the reasons set out in her letter.

53. Linda Gorski further explained receiving any of the Covid-19 vaccines available at the time violated her faith, but that she could continue to work from home without issue.

54. Linda Gorski had been working from home for months, excelling in her role.

55. Cumulus Media, however, ordered her return to work even though other employees did not have to return.

56. On September 3, 2021, Cumulus Media denied Linda Gorski an exemption.

57. Linda Gorski did not receive a Covid-19 vaccination.

58. On September 10, 2021, Todd McCarty reaffirmed that Cumulus Media would not grant her *any* accommodate.

59. On October 11, 2021, Cumulus Media terminated Linda Gorski for violating the Covid Policy.

**David Harvey**

60. Harvey requested an exemption from the Covid Policy from Cumulus Media due to his sincerely held religious belief, which vaccination with any of the three Covid-19 vaccines violated. Harvey has a sincerely held religious belief that he not put in his body any substance that relied upon stem cells for any stage of research or development.

61. Cumulus Media refused to provide him with an exemption.

62. Harvey also informed Cumulus Media that, due to his medical history, he required an exemption from Cumulus's broad vaccine mandate.

63. Harvey had previously developed thyroid tumors as a result of using Xolair, a

medicine used to ameliorate asthma pain.

64. Cumulus Media never responded to Harvey's request for an exemption.

65. Instead, on October 11, 2021, Cumulus Media summarily terminated Harvey's employment for violating the Covid Policy.

**Robert Mathers**

66. Mathers has been a devout Christian since December 11, 1980. Mathers has focuses his life around his faith.

67. Mathers attends Hanover God's Missionary Church, which believes that receiving *any* vaccination violates their faith that God's will protects them.

68. On September 3, 2021, Mathers submitted a timely request to be exempt from the vaccine mandate because receiving the vaccine would violate his faith.

69. Mathers's pastor, Barry Sweitzer, wrote a letter on Mather's behalf detailing the church's faith and convictions and why receiving a Covid-19 vaccination violated them, which he then submitted to Cumulus.

70. Specifically, that letter stated that Mathers and his church believe it is in God's will to protect them and that receiving the vaccine violates that belief.

71. After receiving his letter, McCarty followed up with more questions about Mathers' faith, which he answered.

72. Four days later, on September 7, 2021, Cumulus Media denied Matthers' an exemption.

73. Mathers requested to know why he was denied, but Cumulus Media never responded.

74. Mathers did not receive a Covid-19 vaccination.

75. On October 8, 2021, Cumulus Media terminated Mathers, effective October 11, 2021, for violating the Covid Policy.

**Maryrose Zeilan-Hamilton**

76. For decades, Zeilan-Hamilton has been a devout Christian.

77. In late August, Zeilan-Hamilton contacted her manager, Cheri Marquart, about submitting for an exemption to the Covid Policy.

78. On September 2, 2021, Marquart commented that the Pope – the head of the Catholic Church – said she should get vaccinated, but to fill out the form so they can "give it a shot," minimizing Zeilan-Hamilton's religious beliefs, which are not Catholic.

79. Zielan-Hamilton sincerely believes it is not in God's will for her to be vaccinated and her belief in Christ exempts her from vaccination.

80. On September 3, 2021, Marquart attempted to contact another manager, Marlene, but inadvertently copied Zeilan-Hamilton onto that email.

81. She told Marlene: "Zeilan, Maryrose C (007307) is asking for Religious Exemption. Sigh…"

82. Zeilan-Hamilton requested a religious exemption from the Covid Policy on September 3, 2021.

83. On September 7, 2021, Cumulus Media denied her request.

84. Shortly thereafter, McCarty began contacting Zeilan-Hamilton to inquire about her vaccination status and require that she be vaccinated over her sincerely held religious beliefs.

85. Cumulus Media told Zeilan-Hamilton on September 20, 2021, that it would begin processing her termination on September 27, 2021, to be effective on October 11, 2021.

86. Zeilan-Hamilton did not receive a Covid-19 vaccination.

87.     Cumulus Media terminated Zeilan-Hamilton for not having received a Covid-19 vaccination.

## CLAIMS

### FIRST CLAIM

**Religious-Based Discrimination (Terms and Conditions of Employment) in Violation of Title VII (Plaintiffs Jeff Collins, Linda Gorksi, John Harvey, Robert Mathers, and Maryrose Zeilan-Hamilton)**

88.     Plaintiffs hereby allege and incorporate each and every allegation contained in paragraphs 1 through 87 with the same force as though separately alleged herein.

89.     Title VII requires an employer to grant a reasonable accommodation based on sincerely held religious beliefs.

90.     Title VII prohibits an employer to take adverse employment action against an employee due to a sincerely held religious belief.

91.     Plaintiffs Jeff Colins, Linda Gorksi, John Harvey, Robert Mathers, and Maryrose Zeilan-Hamilton are devout Christians who believe that receiving any of the then-avaiable Covid-19 vaccination would violate their religious beliefs.

92.     Defendant Cumulus knew Plaintiffs Collins, Gorksi, Harvey, Mathers, and Zeilan-Hamilton were devout Christians and needed a reasonable accommodation –an exemption from the Covid Policy – for their religious beliefs.

93.     After the company-wide email circulated requiring all employees to be vaccinated by October 11, 2021, each Plaintiff immediately followed up with their supervisors and asked whether they could receive an exemption from the vaccine mandate due to religious reasons.

94.     Cumulus Media denied these requests and terminated these Plaintiffs.

95.     Defendant Cumulus summarily failed to accommodate Plaintiffs Collins,

Gorksi, Harvey, Mathers, and Zeilan-Hamilton request for an accommodation.

96. At the time of the accommodation denials, these Plaintiffs had been working from home for months, yet were told they must return to work even though other employees were told they would not have to return to work.

97. The Cumulus Media explicitly told these Plaintiffs that they would not accommodate any sincerely held religious beliefs.

98. Defendant Cumulus clearly acknowledged that these Plaintiffs had this belief yet continued to do nothing.

99. Defendant Cumulus violated Title VII when they failed to provide the reasonable requested exemptions.

## SECOND CLAIM

**Religious-Based Discrimination (Unlawful Discharge) in Violation of Title VII (Plaintiffs Jeff Collins, Linda Gorksi, John Harvey, Robert Mathers, and Maryrose Zeilan-Hamilton)**

100. Plaintiffs hereby allege and incorporate each and every allegation contained in paragraphs 1 through 99 with the same force as though separately alleged herein.

101. Title VII requires an employer to grant a reasonable accommodation for sincerely held religious beliefs.

102. Title VII prohibits an employer to take adverse employment action against an employee due to a sincerely held religious belief.

103. Plaintiffs Jeff Collins, Linda Gorksi, John Harvey, Robert Mathers, and Maryrose Zeilan-Hamilton are devout Christians who believe that receiving any of the then-avaiable Covid-19 vaccination would violate their religious beliefs.

104. Defendant Cumulus knew Plaintiffs Collins, Harvey, Mathers, and Zeilan-Hamilton were devout Christians and needed a reasonable accommodation –an exemption from

the Covid Policy – for their religious beliefs.

105. After the company-wide email circulated requiring all employees to be vaccinated by October 11, 2021, each Plaintiff immediately followed up with their supervisors and asked whether they could receive an exemption from the vaccine mandate due to religious reasons.

106. Cumulus Media denied these requests and terminated these Plaintiffs' employment.

107. Defendant Cumulus summarily failed to accommodate Plaintiffs Gorksi, Harvey, Mathers, Collins, and Zeilan-Hamilton request for an accommodation.

108. At the time of the accommodation denials, Plaintiffs had been working from home for months, yet were told they must return to work even though other employees were told they would not have to return to work.

109. The Cumulus Media explicitly told these Plaintiffs that they would not accommodate any sincerely held religious beliefs.

110. Defendant Cumulus clearly acknowledged that these Plaintiffs had this belief yet continued to do nothing.

111. Defendant Cumulus violated Title VII when it failed to provide the reasonable requested exemptions, which resulted in their terminations.

### THIRD CLAIM

**Retaliation in Violation of Title VII (Plaintiffs Linda Gorksi, John Harvey, Robert Mathers, Jeff Collins, and Maryrose Zeilan-Hamilton)**

112. Plaintiffs hereby allege and incorporate each and every allegation contained in paragraphs 1 through 111 with the same force as though separately alleged herein.

113. Title VII requires an employer to grant a reasonable accommodation for

sincerely held religious beliefs.

114. Title VII prohibits an employer to take adverse employment action against an employee due to a sincerely held religious belief.

115. Plaintiffs Linda Gorksi, John Harvey, Robert Mathers, Jeff Collins, and Maryrose Zeilan-Hamilton are devout Christians who believe that receiving any of the then-avaiable Covid-19 vaccination would violate their religious beliefs.

116. Defendant Cumulus knew Plaintiffs Gorksi, Harvey, Mathers, Collins, and Zeilan-Hamilton were devout Christians and needed a reasonable accommodation –an exemption from the Covid Policy – for their religious beliefs.

117. After the company-wide email circulated requiring all employees to be vaccinated by October 11, 2021, each Plaintiff immediately followed up with their supervisors and asked whether they could receive an exemption from the vaccine mandate due to religious reasons.

118. Cumulus Media denied these requests and terminated each Plaintiff's employment.

119. Defendant Cumulus summarily failed to accommodate Plaintiffs Gorksi, Harvey, Mathers, Collins, and Zeilan-Hamilton request for an accommodation.

120. At the time of the accommodation denials, Plaintiffs had been working from home for months, yet were told they must return to work even though other employees were told they would not have to return to work.

121. The Cumulus Media explicitly told Plaintiffs that they would not accommodate any sincerely held religious beliefs.

122. Defendant Cumulus clearly acknowledged that Plaintiffs had this belief yet

continued to do nothing.

123. Defendant Cumulus violated Title VII when it retaliated against the Plaintiffs for terminating their employment for requesting a reasonable accommodation.

## FOURTH CLAIM
**Wrongful Termination in Violation of the ADA (Plaintiffs Collins and Cloud)**

124. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 123.

125. The ADA requires employers to grant reasonable accommodations to their disabled employees.

126. The ADA prohibits employers from discriminating against employees who are in disabled.

127. Plaintiffs Collins and Cloud had conspicuous and known disabilities.

128. Plaintiffs Collins and Cloud requested a reasonable accommodation – that each receive an exemption from the Covid Policy.

129. Cumulus Media did not entertain any good faith efforts to engage in the interactive process.

130. Cumulus Media terminated Plaintiffs Collins and Cloud because they could not get a vaccine because of their disability status.

131. As such, Cumulus discriminated against Plaintiffs Collins and Cloud by not engaging the interactive process and by not providing a reasonable accommodation upon request, which resulted in their terminations.

## FIFTH CLAIM
### Failure to Provide a Reasonable Accommodation in Violation of the ADA (Plaintiffs Collins and Cloud)

132. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 131.

133. The ADA requires employers to grant reasonable accommodations to their disabled employees.

134. The ADA prohibits employers from discriminating against employees who are in disabled.

135. Plaintiffs Collins and Cloud had conspicuous and known disabilities.

136. Plaintiffs Collins and Cloud requested a reasonable accommodation – that each receive an exemption from the Covid Policy.

137. Cumulus Media did not entertain any good faith efforts to engage in the interactive process.

138. Cumulus Media terminated Plaintiffs Collins and Cloud because they could not get a vaccine because of their disability status.

139. As such, Cumulus discriminated against Plaintiffs Collins and Cloud by not engaging the interactive process and by not providing a reasonable accommodation upon request.

## SIXTH CLAIM
### Retaliation in Violation of the ADA (Plaintiffs Collins and Cloud)

140. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 139.

141. The ADA requires employers to grant reasonable accommodations to their disabled employees.

142. The ADA prohibits employers from discriminating against employees who are

in disabled.

143. The ADA prohibits employers from retaliating against employees that request a reasonable accommodation.

144. Plaintiffs Collins and Cloud had conspicuous and known disabilities.

145. Plaintiffs Collins and Cloud requested a reasonable accommodation – that each receive an exemption from the Covid Policy.

146. Cumulus Media did not entertain any good faith efforts to engage in the interactive process.

147. Cumulus Media terminated Plaintiffs Collins and Cloud because they could not get a vaccine because of their disability status.

148. Cumulus Media retaliated against Plaintiffs Collins and Cloud by retaliating against them by terminating their employment after their request for a reasonable accommodation.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the following relief:

A. For the first cause of action, back pay, front pay, emotional distress damages, compensatory damages, punitive damages, attorneys' fees, interest, and costs;

B. For the second cause of action, back pay, front pay, emotional distress damages, compensatory damages, punitive damages, attorneys' fees, interest, and costs;

C. For the third cause of action, back pay, front pay, emotional distress damages, compensatory damages, punitive damages, attorneys' fees, interest, and costs;

D. For the fourth cause of action, back pay, front pay, emotional distress damages, compensatory damages, punitive damages, attorneys' fees, interest, and costs;

E. For the fifth cause of action, back pay, front pay, emotional distress damages, compensatory damages, punitive damages, attorneys' fees, interest, and costs;

F. For the sixth cause of action, back pay, front pay, emotional distress damages, compensatory damages, punitive damages, attorneys' fees, interest, and costs; and

G. For such other and further relief as the Court deems just and proper.

Dated: New York, NY
August 1, 2022

**THE HARMAN FIRM, LLP**

By: s/ Walker G. Harman, Jr.
Walker G. Harman, Jr.
1270 Sixth Ave., suite 756
New York, NY 10020
T: (646) 248-2288
wharman@theharmanfirm.com

*Attorney for Plaintiffs*