IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JASON CLOUD, *et. al.*, § § Plaintiffs, § § v. § § CUMULUS MEDIA § NEW HOLDINGS, INC., § § Defendant. § | Civil Action No. 3:22-CV-1673-N |

## MEMORANDUM OPINION AND ORDER

This order addresses Plaintiffs Jason Cloud, Jeff Collins, Linda Gorski, David Harvey, Robert Mathers, and Maryrose Zeilan-Hamilton's motion to compel deposition of Todd McCarty [20] and related motion for sanctions against Defendant Cumulus Media New Holdings, Inc. ("Cumulus") [21]. The Court denies the motion to compel, grants Plaintiffs' motion for sanctions, and otherwise denies relief.

### I. ORIGINS OF THE DISPUTE

After Plaintiffs filed this employment discrimination lawsuit, the Court entered its standard Initial Discovery Order for Employment Cases [10]. In November 2022, Plaintiffs noticed the deposition of Todd McCarty, a Cumulus human resources representative,[1] for January 19, 2023. Def.'s App. Supp. Resp., Ex. A, Notice McCarty Dep. 7 [24-1]. The parties agreed to the date, but Cumulus sought protection with one day's notice on grounds that it had just learned that Plaintiffs intended to hold the

---

[1] Am. Compl. ¶ 24 [3].

MEMORANDUM OPINION AND ORDER – PAGE 1

deposition open and revisit it at a later date. The Court did not issue relief, and Cumulus did not appear for the deposition. Plaintiffs now ask the Court to compel the deposition by a certain date and seek sanctions against Cumulus's counsel.

## II. THE COURT DENIES THE MOTION TO COMPEL

Motions to compel deposition under Federal Rule of Civil Procedure 37 are available only against parties; nonparties are instead subject to Rule 45 subpoenas. *Francois v. Blandford*, 2012 WL 777273, at *2 (E.D. La. 2012) ("Rule 37 simply does not provide a remedy for the failure of a non-party witness to appear at a deposition."); *MetroPCS v. Thomas*, 327 F.R.D. 600, 614–15 (N.D. Tex. 2018) (quoting *Traut v. Quantum Serv., LLC*, 2018 WL 1035134, at *8 (N.D. Tex. 2018)) ("But, as the Court has recently concluded and 'as explained above, neither [the] general provision [of Rule 37(a)(1)] nor any specific provision elsewhere in Rule 37 or 45, as laid out above, authorizes a motion to require a non-party to appear for a deposition."). Employees of corporate defendants who are not officers, directors, or managing agents are not considered parties and are thus "not subject to deposition by notice. Rather, the employee is treated as any other non-party," and "before being compelled to testify, he or she must be served with a subpoena pursuant to [Rule 45]." *Karakis v. Foreva Jens Inc.*, 2009 WL 113456, at *1 (S.D. Fla. 2009) (collecting cases); *see also* FED. R. CIV. P. 37(d)(1)(A)(i) (making sanctions for a "party's failure to attend its own deposition" available when "a

party or a party's officer, director, or managing agent [] or a person designated under Rule 30(b)(6)[2] or 31(a)(4)[3] [] fails . . . to appear").

Nothing in the record indicates that Plaintiffs subpoenaed McCarty under Rule 45, and Plaintiffs have not demonstrated that he is a representative of Cumulus who may be noticed and compelled under Rule 37. *See Karakis*, 2009 WL 113456, at *1 ("The party seeking to take the deposition bears the burden of establishing the capacity of the person sought to be examined."). But regardless, the parties have agreed to a deposition date of March 28, 2023, and the motion to compel is moot. *See, e.g., Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 595 (S.D. Tex. 2011) (holding that because parties were in the process of rescheduling the challenged depositions, it was unnecessary for the court to issue an order to compel). Thus, the Court denies the motion to compel.

### III. THE COURT GRANTS COSTS TO PLAINTIFFS

#### A. Apportionment Pursuant to the Motion to Compel

Rule 37(a)(5) governs the apportionment of fees relating to motions to compel, and its provisions compete here. Subsection (A) requires Cumulus, its attorneys, or both to pay Plaintiffs' "reasonable expenses incurred in making the motion [to compel], including attorney's fees," given that the disputed discovery is being provided after the motion's filing. *See* FED. R. CIV. P. 37(a)(5)(A). But the Court denies the motion on its merits, so subsection (B) mandates that the Court require Plaintiffs, their attorneys, or

---

[2] Rule 30(b)(6) relates to "notices or subpoenas directed to an organization." FED. R. CIV. P. 30(b)(6) (cleaned up).
[3] Rule 31(a)(4) relates to "public or private corporations, partnerships, associations, or governmental agencies being deposed by written questions." FED. R. CIV. P. 31(a)(4) (cleaned up).

MEMORANDUM OPINION AND ORDER – PAGE 3

both to pay the same to Cumulus. *See id.* 37(a)(5)(B). Because both subsections (A) and (B) provide that "the court must not order . . . payment if . . . circumstances make an award of expenses unjust," the Court declines to apportion reasonable expenses pursuant to Rule 37(a)(5).

### B. Sanctions

Plaintiffs ask the Court to sanction Cumulus's counsel under other provisions of the Federal Rules of Civil Procedure, but their arguments are unavailing. As already explained, Plaintiffs have not shown that McCarty is "a party," "a party's officer, director, or managing agent," "or a person designated under Rule 30(b)(6) or 31(a)(4)," so they have not carried their burden to invoke Rule 37 sanctions for failing to attend the deposition. FED. R. CIV. P. 37(d)(1)(A)(i). And the Court is not persuaded that the Local Rule 7.1 certificate of conference on Cumulus's emergency protection motion was misleading, as Plaintiffs contend. "Accusing fellow attorneys of misconduct is a serious charge that should be leveled only after the most sober consideration." *Roe v. Patterson*, --- F. Supp. 3d ---, 2023 WL 2390665, at *16 (E.D. Tex. 2023). Rule 26(g) sanctions are not warranted here.

However, district courts also possess inherent authority "to punish bad faith conduct occurring during litigation." *Thomas v. Napolitano*, 2012 WL 13019644, at *2 (N.D. Tex. 2012). Courts "wield their various sanction powers at their broad discretion." *Topalian v. Ehrman*, 3 F.3d 931, 934 (5th Cir.1993) (collecting cases).

Though the Rules may not strictly obligate McCarty to attend a noticed deposition without a Rule 45 subpoena, the Court is nevertheless troubled by defense counsel's

MEMORANDUM OPINION AND ORDER – PAGE 4

conduct. Cumulus made every appearance of proceeding with the deposition prior to its last-minute cancellation. *See Morawski v. Farmers Tex. Cnty. Mut. Ins. Co.*, 2014 WL 717170, at *1 (N.D. Tex. 2014) (citing *Ulin v. Lovell's Antique Gallery*, 2010 WL 2680761, at *2 (N.D. Cal. 2010) ("A party need not comply with Rule 45 and issue a subpoena if a non-party will consent to having his deposition taken by notice alone.")). Relying on their agreement, Plaintiffs' counsel incurred costs in making arrangements for the deposition. Cumulus's emergency motion for protection was not grounded in any Federal Rule,[4] and its counsel's failure to appear unjustifiably wasted Plaintiffs' resources.

To be sure, Plaintiffs' counsel is not blameless. As several other courts have explained, "it is unprofessional to unilaterally set the deposition of a party represented by counsel without making any prior attempt to find a mutually convenient date." *B.K. by and through K.K. v. St. Catherine of Siena Sch.*, 2022 WL 3027838, at *3 (E.D. La. 2022); *see also Dondi Props. Corp. v. Com. Sav. & Loan Ass'n*, 121 F.R.D. 284, 293 (N.D. Tex. 1988) (explaining that in this District, it is expected that "lawyers should communicate with the opposing counsel in an attempt to schedule [hearings and depositions] at a mutually agreeable time," as doing so "will avoid unnecessary delays,

---

[4] Cumulus is correct that Rule 30 limits depositions to "1 day of 7 hours," FED. R. CIV. P. 30(d)(1), and that redeposing McCarty may well impose an undue burden. But no provision of the Federal Rules suggests that a party may cancel a deposition by objection. Indeed, Rule 30(c)(2) explicitly states that "objection[s] at the time of the examination . . . must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection." FED. R. CIV. P. 30(c)(2). While this objection was not made at the time of the examination, it was made so shortly before as to implicate the same interests in efficient use of time and resources.

MEMORANDUM OPINION AND ORDER – PAGE 5

expense to clients, and stress"). But Cumulus's counsel consented to the deposition date for two months on the condition that Plaintiffs' counsel accommodate their COVID-19-related concerns, which they did. Defense counsel could have avoided "unnecessary delays, expense to clients, and stress" by proceeding with the deposition as planned and properly objecting to reopening if and when Plaintiffs sought it, as provided by the Rules, rather than preemptively. Instead, it appears that Cumulus pursued an unsupported motion in an improper attempt to invoke the protection of Rule 37(d)(2).[5] The Court finds it appropriate for Cumulus's counsel to bear the costs of McCarty's rescheduled deposition.

## CONCLUSION

Because Plaintiffs have not established that Todd McCarty satisfies the definition of a party and his deposition has been rescheduled to a mutually agreeable date, the Court denies the motion to compel. However, the Court concludes that Cumulus's counsel's short-notice, unilateral cancellation of the deposition justifies imposing the costs of rescheduling on them. If the parties cannot agree, Plaintiffs shall submit a bill of costs. The Court otherwise denies relief.

---

[5] "A failure [of a party, party's officer director, or managing agent, or person designated under Rule 30(b)(6) or Rule 31(a)(4) to appear for a deposition] is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." FED. R. CIV. P. 37(d)(2) (citing FED. R. CIV. P. 37(d)(1)(A)(i)).

Signed March 29, 2023.

_____
David C. Godbey
Chief United States District Judge